```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                  **CRIMINAL ACTION NO. 2:08-00006**

**STEVEN ALLEN HALL**


## MEMORANDUM OPINION AND ORDER

The defendant's motion to suppress, filed on February 21, 2008, was denied by the court's order entered on April 10, 2008.

Defendant's second motion to suppress, filed on April 22, 2008, was filed in anticipation of the decision by the United States Supreme Court in <u>District of Columbia v. Heller</u>, 554 U.S. ___, 128 S.Ct. 2783 (2008). Following that decision the defendant filed his supplemental memorandum on July 11, 2008, which was followed by the government's response on July 18, 2008, and the defendant's reply on July 25, 2008.

The court notes that in <u>Heller</u> the Supreme Court held that the District of Columbia's ban on possession of a handgun in the home violates the Second Amendment of the United States Constitution, as does its prohibition against rendering any

lawful firearm in the house operable for the purpose of immediate self-defense.  In the course of reaching its conclusion that the Second Amendment protects an individual right to possession of a firearm unconnected with service in a militia and to use that firearm for traditionally lawful purposes such as self-defense within the home, the Court, in its majority opinion by Justice Scalia, observed as follows:

> Like most rights, the right secured by the Second Amendment is not unlimited.  From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatever in any manner whatsoever and for whatever purpose.  See, *e.g.*, *Sheldon*, in 5 Blume 346; Rawle 123; Pomeroy 152-153; Abbott 333.  For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues.  See, *e.g., State v. chandler*, 5 La. Ann., at 489-490; *Nunn v. State*, 1 Ga., at 251; see generally 2 Kent *340, n. 2; the American Students' Blackstone 84, n. 11 (G. Chase ed. 1884).  Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

128 S.Ct. at 2816-17.

The court concludes that the prohibition, as in West Virginia, on the carrying of a concealed weapon without a permit, continues to be a lawful exercise by the state of its regulatory authority notwithstanding the Second Amendment.  So, too, is the

longstanding prohibition on the possession of a firearm by a convicted felon whose civil right to possess a firearm has not been restored. Further, even a lawfully possessed firearm may be carried for an unlawful purpose. Consequently, <u>Heller</u> does not direct a result different from that reached by the court in its order of April 10, 2008, which is in part supported by the decision of the United States Court of Appeals for the Fourth Circuit in <u>United States v. Black</u>, 525 F.3d 359 (4th Cir. 2008).

    Accordingly, the defendant's second motion to suppress is denied.

    The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.

DATED: August 4, 2008

John T. Copenhaver, Jr.
United States District Judge